**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oceanus Group, CES, LLC, a Delaware limited liability company; and Informatics Corporation, a Delaware corporation,<br><br>      Plaintiffs,<br><br>vs.<br><br>Vukoslav E. Aguirre and Emma J. Aguirre, husband and wife; Tonka L. Aguirre; Sergio E. Aguirre; Courtney L. Muggli; Andrew Watson; O.C. Tirella; and L. Edward Wilson and Associates, Inc., a Tennessee corporation,<br><br>      Defendants. | No. CV-05-913-PHX-DGC<br><br>**ORDER** |

Pending before the Court are motions to dismiss for lack of personal jurisdiction and alternative motions for change of venue filed by Defendants Vukoslav Aguirre, Emma Aguirre, and Tonka Aguirre. Docs. ##25, 30-31. Plaintiffs have filed responses to the motions and Defendants have filed replies. Docs. ##36, 44-45, 47-48. For the reasons set forth below, the Court will deny the motions.[1]

---

[1] The Court will deny Plaintiffs' request for oral argument because the parties have submitted memoranda thoroughly discussing the law and evidence and the Court concludes that oral argument will not aid its decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

**Background**

Plaintiffs commenced this action by filing a complaint against Defendants on March 25, 2005. Doc. #1. Plaintiffs allege generally that Defendants made certain misrepresentations in connection with Plaintiffs' acquisition of 90% of the stock of Aguirre Engineers, Inc. ("AEI"), from owner Vukoslav Aguirre in December 2002. *Id.* Plaintiffs purport to allege the following claims against Vukoslav Aguirre and his wife, Emma, and daughter, Tonka: fraud, violation of Rule 10b-5 of the Securities and Exchange Act, and violation of A.R.S. § 44-1991. *Id.* ¶¶ 68-90. Plaintiffs also purport to allege breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and conversion claims against Vukoslav Aguirre. *Id.* ¶¶ 57-67, 91-101.

**Discussion**

**I.     The Motions to Dismiss for Lack of Personal Jurisdiction.**[2]

    **A.     Legal Standard.**

Because the Court is resolving the motions to dismiss without holding an evidentiary hearing, Plaintiffs "need make only a prima facie showing of jurisdictional facts to withstand the motion[s]." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *see Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1258 (9th Cir. 1989). That is, Plaintiffs "need only demonstrate facts that if true would support jurisdiction over [Defendants]." *Ballard*, 65 F.3d at 1498; *see Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1085 (9th Cir. 2000) ("Where . . . the district court does not hold an evidentiary hearing but rather decides the jurisdictional issue on the basis of the pleadings and supporting declarations, we will presume that the facts set forth therein can be proven.").

---

[2]Defendants move to dismiss the claims against them pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a court may dismiss an action for failure of the plaintiff to prosecute or to comply with the rules or any court order. Because Defendants seek dismissal for lack of personal jurisdiction, however, the Court will construe their motions has having been brought under Rule 12(b)(2). *See* Fed. R. Civ. P. 12(b) ("[T]he following defenses may . . . be made by motion: . . . (2) lack of jurisdiction over the person[.]").

The Ninth Circuit applies a three-part test to determine whether a defendant's contacts with the forum state are sufficient to subject him to the state's specific jurisdiction. Personal jurisdiction exists if (1) the defendant purposefully directed tortious activities at the forum or a resident thereof or performed some act by which he purposefully availed himself of the privileges of conducting activities in the forum, (2) the claims arise out of or result from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *See Bancroft & Masters*, 223 F.3d at 1086; *Brainerd*, 873 F.2d at 1259.

**B.     Analysis.**

Defendants contend that personal jurisdiction is lacking because they conducted no activities in Arizona in connection with the sale of AEI stock to Plaintiffs. Docs. ##25 at 11, 30-31 at 3. Plaintiffs argue that Defendants had sufficient minimum contacts with Arizona such that the Court's exercise of jurisdiction over Defendants is both constitutional and reasonable. Docs. ##36 at 12, 44-45 at 2. In support of their argument, Plaintiffs have presented evidence of the following:

On September 19, 2002, Vukoslav Aguirre's agent, J. Michael Zika, made representations regarding AEI and provided Plaintiffs with AEI's offering memorandum during a meeting at the Arizona Biltmore Hotel in Phoenix, Arizona. Doc. #36 Exs. 1 ¶¶ 8-9, 10, 11 ¶¶ 5-6. On December 16, 2002, Plaintiffs' owner, Arnold Whipple, spoke with Vukoslav Aguirre by telephone from Arizona and was assured by Mr. Aguirre that all accrued tax liabilities of AEI had been paid and that there were no undisclosed liabilities. *Id.* Ex. 1 ¶ 14. Over the course of Plaintiffs' due diligence investigation of AEI, Emma Aguirre, AEI's Vice President, Secretary and Treasurer, and Tonka Aguirre, AEI's Director of Human Resources, made representations regarding AEI's finances and future business prospects via numerous telephone calls and e-mails to Plaintiffs' headquarters in Phoenix. Doc. #44 Exs. B, C ¶¶ 4-5, D ¶ 5, E ¶ 1. Plaintiffs state that the representations made by Defendants and contained in AEI's offering memorandum were intentionally false and that Plaintiffs relied on the misrepresentations in deciding to acquire AEI stock. Docs. ##36 Ex. 1 ¶ 10, 44 Ex. E ¶¶ 1-2.

Accepting Plaintiffs' evidence as true, as the Court must at this stage of the litigation, Plaintiffs have made a prima facie showing of personal jurisdiction. Defendants are alleged to have committed intentional torts and securities violations. Doc. #1 ¶¶ 68-101. Defendants directed the alleged misrepresentations at Arizona knowing that the resulting harm would occur in Arizona, where Plaintiffs' headquarters was located. Doc. #36 Exs. 1 ¶¶ 3-4, 5, 7, 9 ¶ 1, 12 ¶ 1, 14. Plaintiffs state that but for the misrepresentations they would not have acquired AEI stock. Doc. #36 at 3, Ex. 1 ¶ 10. Defendants' contacts with Arizona are sufficient to support a finding of specific jurisdiction. *See Brainerd*, 873 F.2d at 1259 ("[Defendant] is alleged to have committed intentional torts. His communications were directed to Arizona, even though he did not initiate the contact . . . . [Defendant] knew the injury and harm stemming from his communications would occur in Arizona, where Brainerd planned to live and work. Those contacts with the forum support personal jurisdiction over [defendant] in Arizona."); *Metro. Life Ins. Co. v. Neaves*, 912 F.2d 1062, 1065 (9th Cir. 1990) (holding that an Alabama resident could be haled into a California court where the plaintiff alleged that the Alabama resident fraudulently obtained life insurance proceeds belonging to a California resident by mailing documents from Alabama to California); *Bancroft & Masters*, 223 F.3d at 1087-88 (holding that a Georgia golf club that held the trademark "Masters" could be haled into a California court where the club sent a letter to the registrar of Internet domain names located in Virginia challenging a California company's use of the "masters.com" domain name).

Defendants assert that "the exercise of jurisdiction by this [C]ourt would in no way be 'reasonable.'" Doc. #25 at 12. Defendants, however, do not address the seven specific factors that must be considered in making the reasonableness determination. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985) (setting forth the seven factors and placing upon the defendant the burden of demonstrating a "compelling case" of unreasonableness). Defendants have thus failed to meet their burden of demonstrating a "compelling case" of unreasonableness. *See Bancroft & Masters*, 223 F.3d at 1088-89 ("[Defendant] attempted no factual showing with regard to the *Burger King* factors. Instead,

[defendant] stated without elaboration that jurisdiction would be unreasonable. . . . This is inadequate to discharge *Burger King*'s requirement[.]"); *Ballard*, 65 F.3d at 1500 ("To avoid jurisdiction, [defendant] must 'present a *compelling case* that the presence of some other considerations would render jurisdiction unreasonable.'  In our view, [defendant] has not carried its heavy burden of rebutting the strong presumption in favor of jurisdiction.") (citations omitted; emphasis in *Ballard*).  The Court will deny Defendants' motions to dismiss for lack of personal jurisdiction.

**II.     The Alternative Motions for Change of Venue.**

Defendants move the Court to transfer this action to the District of Colorado pursuant to 28 U.S.C. § 1404(a).  Doc. #25 at 13-14.  Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Defendants have the burden of showing that the action should be transferred under § 1404(a). *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) ("Savage had the burden to justify by particular circumstances that the transferor forum was inappropriate.").  Indeed, Defendants "must make a strong showing of inconvenience to warrant upsetting [Plaintiffs'] choice of forum."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *see N. Acceptance Trust v. Gray*, 423 F.2d 653, 654 (9th Cir. 1970) (stating that "substantial weight" should be given to the plaintiff's choice of forum); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (stating that "the plaintiff's choice of forum should rarely be disturbed").

Defendants contend that a change of venue is appropriate because most of the parties live outside Arizona, the majority of witnesses live in Colorado, AEI is located in Colorado, and there is a federal action pending in the District of Colorado involving the same transactions and occurrences involved in this action.  Doc. #25 at 14.  Plaintiffs argue that Defendants simply seek to shift the inconvenience of litigating in a foreign forum onto Plaintiffs and their witnesses.  Doc. #36 at 16.  Plaintiffs assert that Defendants have failed

to make a strong showing that their proposed venue is substantially more convenient than Plaintiffs' chosen forum. *Id.*

The Court agrees. Plaintiffs have presented evidence that their corporate headquarters and business records are located in Phoenix and that several of their witnesses are Arizona residents. *Id.* at 16, Exs. 1 ¶¶ 3, 18, 9 ¶ 2; Doc. #44 Ex. D ¶ 3. Other witnesses apparently are located throughout the United States, including Washington, California, Texas, Florida, and Tennessee. Docs. ##36 at 16, 40 at 10-11. Plaintiffs also have presented evidence that the stock purchase agreement at issue was signed by Mr. Whipple in Phoenix and that Plaintiffs performed part of their due diligence investigation and received numerous representations regarding AEI at their headquarters in Phoenix. *Id.* Exs. 1 ¶¶ 12-15, 9 ¶¶ 3-6, 11¶¶ 4-6, 12 ¶¶ 4-7; Doc. #44 Ex. D ¶ 1-6.

"Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964). Defendants have failed to make a strong enough showing of inconvenience to warrant upsetting Plaintiffs' choice of forum. The Court accordingly will deny Defendants' motions for change of venue. *See Jones*, 211 F.3d at 499 (holding that the district court "did not abuse its discretion in denying the motion to transfer venue under § 1404(a)" because the defendant had "failed to meet its burden of showing that Pennsylvania was the more appropriate forum for the action"); *Decker Coal Co.*, 805 F.2d at 843 (holding that the district court did not abuse its discretion in denying a motion to transfer where "the transfer would merely shift rather than eliminate the inconvenience").

**IT IS ORDERED:**

1. The motions to dismiss or for change of venue filed by Defendants Vukoslav Aguirre, Emma Aguirre, and Tonka Aguirre (Docs. ##25, 30-31) are **denied**.

2. Plaintiffs' motion for leave to file sur-reply (Doc. #46) is **denied** as moot.

1  3.  The Court will schedule a case management conference by separate order.

2  DATED this 22nd day of February, 2006.

*[signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge